**DANIELS v NORWALK TRUCK LINE CO**

Ohio Appeals, 9th Dist, Lorain Co

No 789. Decided Nov 6, 1936

Walter S. Ross, Cleveland, and Negley & Negley, Pittsburgh, Pa., for appellant.

McKeehan, Merrick, Arter & Stewart, Cleveland, and Fauver & Fauver, Elyria, for appellee.

**OPINION**

By WASHBURN, J.

A truck, for the operation of which upon a public highway of the state of Ohio, appellee, the Norwalk Truck Line Co., was responsible, was parked upon the paved portion (which was 30 feet wide) of the main highway for vehicular travel across the northern portion of the state.

The truck was facing westward, and the time was about 3 A. M., the night being dark but clear, and the pavement being dry. The headlights of said truck were lighted, but there were no lights on the rear end of the semi-trailer attached to said truck, and no flares on the roadway.

Appellant, who was driving a large bus containing many passengers and traveling westward along said highway, before reaching the place where said truck was parked and some 500 to 800 feet eastward of said truck, passed an automobile going in the same direction towards said truck, and while doing so was traveling at least 40 or 45 miles an hour.

After passing said automobile, appellant guided the bus he was driving back into the lane of travel of the automobile he had

just passed, but failed to see said standing truck until he was within 15 or 20 feet of the same, when he swerved said truck out towards the center of the street; but the rear part of the bus collided with said standing truck, and the bus proceeded over to the opposite side of the street and collided with an east-bound truck which had pulled over almost entirely off of the pavement, and said bus then proceeded 132 feet from said last collision before it stopped.

In the collision five or six passengers were killed, and appellant, the driver of the passenger bus, suffered some injuries in said collision and brought suit against the Norwalk Truck Line Co. to recover damages for such injuries.

At the conclusion of the testimony on behalf of the appellant, the trial court directed a verdict in favor of appellee upon the ground that the undisputed facts established that the appellant was guilty of contributory negligence as a matter of law.

We hold that in so doing, the trial court properly interpreted and followed the recent Supreme Court decisions applicable to the situation thus presented; and regardless of what our view may be as to what the law ought to be, it is our duty to determine the law to be what the Supreme Court declares it to be. Discharging that duty, we hold that the trial court did not commit error in directing a verdict and rendering a judgment in favor of appellee, and the judgment is therefore affirmed.

FUNK, PJ, and STEVENS, J, concur in judgment.